# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Luis Vidal Bandala,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Suchilango, LLC, an Arizona limited liability company,<br><br>　　　　　Defendant. | No. CV-18-02140 PHX CDB<br><br>**ORDER** |

Plaintiff has agreed to the exercise of magistrate judge jurisdiction over this matter, including the entry of final judgment. (ECF No. 10). Defendant, although served with the summons and complaint in this matter on September 27, 2018, (ECF No. 12) has not appeared in the matter. Before the Court is Plaintiff's motion for judgment by default. (ECF No. 17).

**I Procedural background**

Plaintiff, through counsel, docketed a complaint on June 6, 2018, alleging a cause of action against Defendant for failure to pay overtime wages in violation of the Fair Labor Standards Act. (ECF No. 1). Defendant is an Arizona limited liability company which operates food vendors, with its primary place of business in Maricopa County, Arizona. Plaintiff was employed by Defendant from April of 2017 through April of 2018 to prepare and cook food, and to clean and maintain Defendant's food service kitchen; Plaintiff alleges he was a non-exempt employee of Defendant. In the complaint Plaintiff alleges: "Nearly each week of his employment Plaintiff worked in excess of 40 hours per

week," and "Plaintiff's average work day started at approximately 10:00 AM and he often worked until well past 9:00 PM." (ECF No. 1 at 5). Plaintiff further asserts: he "routinely worked six days per week;" worked 65 hours per week during an average work week and "Defendant did not pay Plaintiff for hours worked over 40 hours in a week;" "Defendant never compensated Plaintiff for more than 40 hours per week;" and "Defendant did not pay Plaintiff overtime." (ECF No. 1 at 6). Count One of the complaint alleges Defendant failed to pay Plaintiff overtime in violation of 29 U.S.C. § 207 and Count Two of the complaint seeks declaratory judgment that Defendant violated the Fair Labor Standards Act by failing to pay Plaintiff overtime. The complaint seeks actual and liquidated damages and attorneys' fees and costs.

On September 27, 2018, Plaintiff served the summons and complaint on Defendant's statutory agent in Arizona. (ECF No. 12). Defendant did not appear nor defend and, on January 7, 2019, the Clerk of the Court entered Defendant's default. (ECF No. 15). Plaintiff now seeks the entry of judgment against Defendant and damages in the amount of $40,950.00, plus post judgment interest. (ECF No. 17).[1]

**II Analysis**

Rule 55 of the Federal Rules of Civil Procedure provides that if "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed. R. Civ. P. 55(a). After a default has been entered and the defendant fails to appear or move to set aside the default, the court may, on the plaintiff's motion, enter a default judgment. Fed. R. Civ. P. 55(b)(2). Rule 55(b)(2) requires the application for default judgment be accompanied with a declaration that the defaulting defendant is not a minor, incompetent, or a member of the armed services. Rule 55 does not require the entry of judgment against a defaulting party and the entry of a judgment by default is completely within the Court's discretion. *See*, *e.g.*, *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 852 (9th Cir. 2007); *Draper v. Coombs*, 792 F.2d 915,

---

[1] Plaintiff's hourly wage was $10.50 per hour and, accordingly, he was entitled to $15.75 for each hour of overtime he worked in excess of forty hours per week.

924-25 (9th Cir. 1986); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Default judgments are disfavored because public policy favors the resolution of civil cases on their merits. *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 616 (9th Cir. 2016); *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

When exercising its discretion in this regard, the Court may consider a variety of factors, including:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

<u>Eitel</u>, 782 F.2d at 1471-72, *quoted in Newgen, LLC*, 840 F.3d at 616.

When determining whether judgment by default should be granted, the Court must take as true all factual allegations in the complaint, except for those related to the amount of Plaintiff's damages. *NewGen LLC*, 840 F.3d at 617; *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977); *Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1070 (D. Ariz. 2006). A defendant's default functions as their admission of the complaint's well-pleaded allegations of fact. *DIRECTV, Inc.*, 503 F.3d 854; *Cripps v. Life Ins. Co.*, 980 F.2d 1261, 1267 (9th Cir. 1992). Facts necessary to establish each element of the cause of action stated in the complaint that are not themselves stated in the complaint and claims that are legally insufficient are not established by a defendant's default. *See DIRECTV, Inc.*, 503 F.3d 854; *Cripps*, 980 F. 2d at 1267.

**A. The prejudice to Plaintiff if default judgment is denied**

Plaintiff will be substantially prejudiced if default judgment is denied. Defendant has not appeared nor defended this matter. There is no indication in the record that Defendant will make any appearance or defend against the claim stated in the complaint. Plaintiff will be prejudiced, in the form of accruing additional attorneys' fees, by any further delay in resolving these proceedings.

**B. The merits of Plaintiff's substantive claim**

The Court finds that Plaintiff's substantive claim is meritorious. Taking the facts of the complaint as true, Plaintiff has properly stated a claim for relief pursuant to the Fair Labor Standards Act.

**C. The sufficiency of the complaint**

The complaint sufficiently alleges jurisdiction over the parties and the subject matter at issue in this suit. The complaint sufficiently alleges a factual predicate for the relief sought. The complaint names an eligible defendant. The complaint and the motion for judgment by default are properly verified and accompanied by the required affidavits.

**D. The sum of money at stake in this action**

The Court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct. *See HTS, Inc. v. Boley*, 954 F. Supp. 2d 927, 941 (D. Ariz. 2013); *Pepsico, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1176 (C.D. Cal. 2002). Plaintiff seeks an award of $40,950.00 in damages. This figure encompasses actual damages, i.e., compensation for 1,300 hours of overtime comprised of 25 hours of overtime each week for 52 weeks at a rate of $15.75 per hour, for a total of $20,475.00; plus an award of liquidated damages equal to the amount of the unpaid overtime wages pursuant to 29 U.S.C. § 216(b). This is not unreasonable in relation to the seriousness of Defendant's alleged conduct. Furthermore, although the FLSA requires a defendant employer pay a plaintiff employee's attorneys' fees and costs, *see* 29 U.S.C. § 216(b), Plaintiff, in agreement with his counsel, has chosen to waive and forego his claims for attorneys' fees and costs. (ECF No. 17 at 5).

**E. The possibility there would be a dispute concerning material facts if the case were to proceed**

It is unlikely that there would be a dispute concerning material facts if this case proceeds.

**F. Whether the default was due to Defendant's excusable neglect**

There is no indication that Defendant's default in this matter is due to excusable neglect.

**G. The strong policy favoring decisions on the merits**

The entry of default judgment is disfavored. The Court should not enter a default judgment if Defendant would be entitled to have the default judgment set aside pursuant to Rule 60(b), Federal Rules of Civil Procedure. *See, e.g., Educational Servs., Inc. v. Maryland State Bd. for Higher Educ.*, 710 F.2d 170, 177 (4th Cir. 1983); *Martin v. Coughlin*, 895 F. Supp. 39, 42 (N.D.N.Y. 1995).

> Once default judgment has been entered, relief is governed by Rule 60(b). Where a defendant seeks relief under Rule 60(b)(1) based upon "excusable neglect," the court applies the same three factors governing the inquiry into "good cause" under Rule 55(c). *Mesle*, 615 F.3d at 1091. Those factors, which courts consistently refer to as the "Falk factors," are:
>> (1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether culpable conduct of the defendant led to the default.
>
> *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir.1984). The determination of what conduct constitutes "excusable neglect" under Rule 60(b)(1) and similar rules "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Svcs. Co. v. Brunswick Assoc. Ltd.*, 507 U.S. 380, 395 [] (1993).

*Brandt v. American Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1111 (9th Cir. 2011). A defendant's conduct is culpable if they received actual or constructive notice of the filing of the action and failed to answer. *Price v. Seydel*, 961 F.2d 1470, 1473 (9th Cir. 1992); *Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir. 1987).

At this time it is unlikely Defendant would be entitled to have a default judgment set aside and Plaintiff will be prejudiced if default judgment is not entered. It is also unlikely that Defendant could present meritorious defenses to Plaintiff's claim. Finally, it is unlikely that Defendant would be able to show good cause for their failure to timely answer the complaint or otherwise appear in this matter.

Accordingly,

**IT IS ORDERED that** Plaintiff's motion (ECF No. 17) for the entry of judgment by default against Defendant is **granted**. Judgment against this Defendant with regard to all of the claims stated in the complaint against this Defendant shall be entered in favor of Plaintiff.

**IT IS FURTHER ORDERED that** Defendant shall pay to Plaintiff as actual and liquidated damages the sum of $40,950.00, plus post judgment interest.

The Clerk of the Court shall enter separate judgment accordingly.

Dated this 17th day of April, 2019.

_____
Camille D. Bibles
United States Magistrate Judge